## Martha Tewksbury, App't., *v.* Timothy Tewksbury.

Adultery is a sufficient cause for divorce from the bonds of matrimony.

Upon a decree of divorce from the bonds of matrimony, on the ground of the adultery of the husband, the property which he obtained by the marriage, will be decreed to the wife.

APPEAL from the chancery side of the circuit court of the county of Adams.

The appellant filed an original bill in the court below for a divorce and for alimony. The bill charges that the complainant was married to the defendant in the year 1835, in the city of Natchez, and that she and her husband had continued to reside in this state up to the day when the application for a divorce was made, which was on the 18th of July, 1838. That in a short time after her intermarriage, she discovered the most revolting proofs of his destitution of moral character, and that he had been guilty of repeated acts of adultery, afterwards, and up to the time of the filing of her bill. That she was the widow of one Jacob Newcomer, deceased, when she married the defendant, and that he had left several negroes, at his death, to wit: Joe, Sally, Samuel, and Charles. That since the death of her former husband and before her last marriage she had purchased, with funds partly belonging to the estate of Newcomer and partly of her own, a half square of ground in the city of Natchez, with valuable buildings upon it. That the estate of Newcomer had not been fully settled, but a partial division had been made of the property. That Lemuel Rooks became a distributee of the estate by his marriage with Sarah Rooks, one of the children of Newcomer. That John H. Newcomer, who is the only other child, is a minor residing with complainant. That she had one child, the fruit of her marriage with the defendant. Bill then prays for an injunction, for a decree dissolving the contract of marriage, and for alimony and maintenance.

The defendant, in his answer, denies the charge of adultery,

and relies upon the adultery of the wife, which he charges.   Admits the facts in the bill as to the property, but charges that in the division of the negroes, Joe and Samuel were allotted to John H. Newcomer, and that Sally and her child Charles, two of the slaves mentioned in complainant's bill, were left to defendant as the distributive portion of his wife.   He made valuable improvements by his mechanical labor and his own money on the lot of ground owned by complainant, paid many debts of his wife, and of the estate of her late husband.

There were several depositions taken to establish the adultery of the husband.   L. P. Rooker, a witness for complainant, states that defendant had no property when he married complainant, and that he abandoned the church after his marriage, and became idle and loose in his morals.   That complainant kept a boarding house, and by that means chiefly supported the family.   John H. Newcomer stated that the defendant confessed to him about the time of filing the bill in this cause, and in reference to the charge of adultery, that he "had been acting the fool," and that if complainant would make up the matter with him, he would not be guilty of the like again.   He also stated that defendant had no property at the time of marriage with complainant.   That he sometimes worked, but not often, and that the complainant took the entire charge of the affairs of the family.   Wm. Purnell stated that he saw defendant in the company of a negro woman on one night.   Doctor Benbrook and one Daly both proved acts of incontinence and adultery, by adverting to demonstrations which are not to be misunderstood, and especially to the confessions of the defendant.   The defendant offered no proof in support of the charge in his answer of adultery in his wife.

At the April term, 1839, of the court below, this cause came on to be heard, on the bill, answer and depositions, when the injunction was dissolved, and the bill dismissed.   The complainant appealed to this court, and now assigns for error the above decree.


Baker for appellant.

In this case the objects sought to be obtained by the appellant are two :

1st.  A divorce *a vinculo matrimonii.*

[Martha Tewksbury, Appellant, *v.* Timothy Tewksbury.]

2d. A restoration of all the property which came to the appellee by means of the marriage.

The appellant rests her claims to a divorce on the grounds of the *adultery* of the appellee, as charged in the bill and sustained by the evidence.  Adultery, in either of the parties, is one of the causes for which a divorce will be decreed.  See Rev. Code, p. 228, sec. 3.

As evidence conclusive of the *adultery* of the appellee, his confessions of the fact, supported by the strong corroborating facts and circumstances of his having been seen, since his marriage with appellant, in houses of notorious *ill-fame*, and of having been repeatedly afflicted with *syphilis* and *gonorrhœa*, (both of which he communicated to the appellant,) are insisted upon as amply sufficient.

In Massachusetts, it has been held that, in the absence of collusion between the parties, the confessions of the defendant are alone sufficient evidence of adultery to authorize a decree of divorce.  Billings *v.* Billings, 11 Pickering, 461.

In New York, such confessions, corroborated by other circumstances, are held to be sufficient.  See Betts *v.* Betts, 1 Johnson's Chancery Reports, 198.

Upon a decree of divorce *a vinculo matrimonii,* the property which came to the husband, by means of the marriage, will be restored to the wife.  See Dean *v.* Dean, 5 Pickering, 428.

The appellant, by committing the act of adultery, has subjected himself and his property to the jurisdiction of the court of chancery, and the court, under the circumstances, will order his property to be applied to the support of his wife and family, not only during the litigation, but after the decree of divorce.  Kirby *v.* Kirby, 1 Paige's Ch. Rep. 261.  So, where the wife obtains a decree of divorce against the husband, on account of adultery, she is entitled to her alimony.  Graves *v.* Graves, 2 Paige's Ch. Rep. 62.  The appellee, in his attempt at recrimination, the only defence he has attempted to make, has wholly and most signally failed.

He has not only completely failed in point of proof, but even if that were sufficient, he cannot be allowed to introduce it under the state of the proceedings upon which he has chosen to rely.—

For it is believed to be a well-settled rule, that, upon a bill for divorce for *adultery*, if the defendant relies upon the adultery of complainant to prevent the divorce, he must plead it specially or he will not be permitted to give it in evidence. Pastorel *v.* Pastorel, 6 Mass. Rep. 276. Smith *v.* Smith, 4 Paige's Ch. Rep. 432.

Saunders, *contra*, argued that there was not sufficient proof of the adultery of the appellee made out.

Mr. Justice TROTTER stated the case, and delivered the opinion of the Court.

From all that appears upon the record, or any of the papers, we are unable to discover upon what grounds the decree dismissing the bill was rendered. It would be difficult to imagine a case more strongly fortified by proof than the present. The charge of adultery is not only supported by the repeated confessions of the defendant, but also by the most cogent and irresistible testimony of several witnesses. This is surely a much stronger case for the complainant than that of Billings *v.* Billings, 11 Pick. Rep. 462, in which it was held that the confessions of adultery, in a letter, by the husband, in which he expressed his penitence, and desired a reconciliation with his wife, were evidence to prove the adultery. The only reason for requiring evidence in cases of this sort, independent of the confessions of the defendant, is to guard against collusion. The circumstances which have been detailed by the two physicians, and other witnesses, besides the confessions, prove that in the case at bar there could be no collusion.— The defendant acknowledged that he had acted foolishly; was sorry for it; and promised that, if his wife would make up the matter with him, he would not *be guilty* of the like again. If this confession is coupled with the facts proven by the physicians and other witnesses, it will be presented as a case proven not only by confessions destitute of any color of collusion, but by positive evidence of the fact. The defendant has denied all this in his answer, and charged the same offence upon his wife. But he has not offered any proof to establish the fact. It stands, therefore, as an answer to the relief sought by the complainant, as entirely unsupported as his denial of his own guilt, which has

[Martha Tewksbury, Appellant, *v.* Timothy Tewksbury.]

been so fully proven. The decree must therefore be reversed, and a decree rendered in this court that the marriage contract between the complainant and the defendant be dissolved.

There has been no question made before us, nor does it appear to have been made below, in regard to the custody of the child, by the present marriage. We shall therefore make no order touching that matter, but leave it to the future disposition of the law. In regard to the alimony of the wife, to which she is of course entitled, under the statute, the record furnishes us with no criterion for a decree. The bill states that the defendant had no property at the time of the marriage, and that his habits of idleness and dissipation have been such, that he could not have acquired any since; and the testimony in the cause very fully sustains these statements. He therefore has no income upon which an allowance for the support of the wife can be charged.

Such being the case, we do not deem it necessary to send it down to a master, for the purpose of ascertaining either the amount of his property, or the value of his annual income. It is deemed unnecessary, therefore, to do more than to decree that the defendant deliver to the complainant all the real and personal property which have come to his possession by his marriage with her. In the case of Dean *v.* Dean, 5 Pick. Rep. 428, the authority for such a decree in cases of this sort is fully recognised. For by the commission of adultery, the husband has subjected himself and his property to the jurisdiction of a court of chancery; which may then make such order in regard to either as is consistent with the circumstances of the parties and the demands of justice. Kirby *v.* Kirby, 1 Paige's Ch. Reports, 260— Revised Code, p. *229.*

Let the decree of the court below be reversed, and a decree rendered here according to the foregoing opinion.